IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01220-CNS-KAS

RON BUNNELL, on behalf of the Estate of Carl Joseph Bunnell,
BARCLAY BUNNELL, individually, and
MISTY ODEEN, as next friend and representative of minor Maxwell Bunnell,

    Plaintiffs,

v.

FUTURE MOTION, INC.,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Notice of Motion and Motion by Defendant Future Motion, Inc. to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multi-District Litigation, and Motion for Protective Order, and Memorandum in Support Thereof** [#43] (the "Motion"). Plaintiffs filed a Response [#46] in opposition to the Motion [#43]. On October 25, 2023, Defendant filed a Supplemental Memorandum [#47]. Defendant asks the Court to stay all proceedings in this case until after the Judicial Panel on Multi-District Litigation ("JPML") rules on a motion to transfer this case. The JPML has set a hearing on the motion for November 30, 2023. *Supp. Mem.* [#47] at 1.

Currently, the following deadlines remain in this case: (1) the discovery cutoff: November 17, 2023; (2) the deadline to designate affirmative experts: November 17, 2023; (3) the deadline to designate rebuttal experts: December 22, 2023; and (4) the

1

dispositive motions deadline: January 19, 2024. *Minute Order* [#37]. The Final Pretrial Conference is set on April 4, 2024, before the District Judge. *Minute Order* [#32].

Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Before addressing these factors, the Court notes that, "[a]s a general rule, 'courts frequently grant stays pending a decision by the [Multi-District Litigation] MDL panel regarding whether to transfer a case.'" *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)). In fact, the Court has been unable to find, and Plaintiffs have not cited, a single case from within the District of Colorado denying a stay where a motion to transfer proceedings is pending before the JPML. Rather, stays are routinely granted under the same or similar circumstances. *See, e.g., Sykes v. LivaNova Deutschland GmbH*, No. 17-cv-02437-KLM, 2018 WL 286791

(D. Colo. Jan. 4, 2018); *Adams v. Bristol-Meyers Squibb Co.*, No. 16-cv-01674-MEH, 2016 WL 4257595 (D. Colo. July 18, 2016); *Mott v. Narconon Fresh Start*, No. 14-cv-01293-PAB-KMT, 2014 WL 7010660 (D. Colo. Dec. 9, 2014); *Council v. Target Corp.*, No. 13-cv-03479-CMA-KMT, 2014 WL 859326 (D. Colo. Mar. 5, 2014); *Thomas-Walsh v. Merck & Co., Inc.*, No. 11-cv-02736-WJM-KMT, 2012 WL 75291 (D. Colo. Jan. 10, 2012); *Deutsche Bank Trust Co. Ams. v. Fushimi*, No. 11-cv-02472-REB-KMT, 2011 WL 5864987 (D. Colo. Nov. 22, 2011). Although not dispositive of the issue of whether to stay this case, the clear weight of persuasive authority in the District of Colorado is to enter stays where such motions to transfer are pending.

**A.    Plaintiffs**

Regarding the first *String Cheese Incident* factor, i.e., the interest of Plaintiffs in proceeding expeditiously with discovery and the potential prejudice to Plaintiffs of a delay, Plaintiffs assert that "[t]here is no credible dispute that [Plaintiffs have] an interest in proceeding expeditiously." *Response* [#46] at 13 (citing cases). However, they provide no argument specific to *this* case with respect to the first part of the Court's consideration on this first factor.

Plaintiffs further argue that entry of a stay will cause them prejudice, primarily relying on the fact that, should a stay be entered and the motion to transfer be denied by the JPML, that deadlines and the Final Pretrial Conference will have to be pushed back.[1]

---

[1] The Court notes that Plaintiffs cite *Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017), for the proposition that a potential delay of several months in the resolution of an underlying motion that is the basis for a stay creates uncertainty that is "inherently prejudicial." *Response* [#46] at 14. However, *Four Winds* did not so hold and, in fact, did not mention prejudice in its analysis. Rather, the Court held that such a delay of several months went to the issue of whether the plaintiff had an interest in proceeding expeditiously. Plaintiffs are exhorted to take more care when presenting legal authority to the Court.

*Id.* at 13-15. However, they provide no argument as to any specific prejudice they would likely incur with respect to the merits of their case based simply on a delay of deadlines and (potentially) the Final Pretrial Conference.

Finally, Plaintiffs argue that the preservation of resources and the promotion of convenience to the parties, which may be significant considerations in some cases, are here minimized because of the late stage of discovery in this case, and the Court agrees with this assessment. *Response* [#46] at 15. Plaintiffs' argument regarding expenditures as to their expert witnesses, however, is less clear. They state they have already incurred significant expenses to as to their experts, that entering a stay would "functionally serve potentially to waste . . . tens of thousands of dollars," and that, should the JPML transfer this case, this "financial commitment may not be recaptured—or at least benefited from" by Plaintiffs. *Id.* Plaintiffs do not explain why imposing a stay now, and stopping further expenditures as to experts, would not be to their financial benefit should the case be transferred to the JPML, or why those expenditures would be wasted if the case were ultimately not transferred.

The Court makes no comment on whether the motion to transfer this case to the MDL will be granted. *See, e.g.*, *Masciotra v. Vertafore, Inc.*, No. 20-cv-03603-WJM-NYW, 2021 WL 3887949, at *2 (D. Colo. Feb. 3, 2021) (declining to take a "preliminary peek" at the merits of a motion to transfer that was not pending before the judge). Nevertheless, the Court notes that, often, the parties are not permitted to engage in in-depth discovery regarding the unique aspects of their case in an MDL. Thus, Plaintiffs would likely be prejudiced by becoming part of a MDL without the opportunity to complete discovery.

The Court therefore finds that the first *String Cheese Incident* factor weighs against

4

staying discovery.

### B.     Defendant

With regard to the second factor, the Court finds that Defendant has demonstrated that proceeding with the discovery process presents a burden. Defendant notes that consolidation in a MDL helps to "eliminate duplicative discovery, motion practice, and other litigation tasks on issues common to all or most cases." *Motion* [#43] at 13. Defendant states it "is a small company and its witnesses are not professional deponents; they are executives and engineers primarily engaged in Future Motion's business." *Id.* This means that, absent a stay, according to Defendant, it "will incur the burden and expense of discovery which would be duplicative of discovery once an MDL is created – and is already duplicative of discovery that Plaintiffs' counsel has previously engaged in." *Id.* at 13-14. Defendant concludes that "[t]he potential burden to Future Motion of engaging in redundant discovery, and the risk of inconsistent or contradictory decisions during the course of discovery, weighs heavily in favor of staying proceedings in this case pending establishment of the MDL." *Id.* at 14. Based on these considerations, the Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

### C.     The Court

With regard to the third factor, staying discovery will promote the interests of judicial economy, efficiency, and consistency between courts. *Masciotra*, 2021 WL 3887949, at *3. Courts within the District Colorado have, to the best of the Court's knowledge, universally reached a similar decision when considering this issue within the context of MDL. *See, e.g., id.* (citing *Pritchett v. I Flow Corp.*, No. 09-cv-02433-WDM-KLM, 2010 WL 625024, at *1 (D. Colo. Feb. 22, 2010); *Hoy v. I-Flow Corp.*, No. 09-cv-

5

02580-CMA-KLM, 2010 WL 743561, at *1 (D. Colo. Mar. 1, 2010); *Cheney v. Eli Lilly & Co.*, No. 14-cv-02249-KMT, 2014 WL 7010656, at *1 (D. Colo. Dec. 9, 2014); *Deutsche Bank Tr. Co. Ams.*, 2011 WL 5864987, at *3; *Council*, 2014 WL 859326, at *2; *Mott v. Narconon Fresh Start*, 2014 WL 7010660, at *1). As one decision noted, "[i]ndeed, avoiding the risk of inconsistent judgments and the interests of judicial economy will ordinarily outweigh any slight delay caused by a stay pending an MDL panel's ruling." *Deutsche Bank Tr. Co. Ams.*, 2011 WL 5864987, at *3. Accordingly, the third *String Cheese Incident* factor weighs in favor of staying discovery.

**D.   Non-Parties**

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

**E.   The Public**

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution, but that such considerations in the present context are not determinative and are therefore neutral. Thus, the fifth *String Cheese Incident* factor weighs neither in favor of nor against staying discovery.

**F.   Conclusion**

The Court finds this case to provide a closer call than the typical motion to stay pending decision by the JPML on a motion to transfer. In particular, it is relatively late in the discovery process, and Defendant's belated request to stay at this specific time, i.e., just before depositions, hints at gamesmanship given the long-pending MDL issue.

Nevertheless, the JPML's hearing on the motion to transfer is set for later this month, on November 30, 2023. *Supp. Mem.* [#47] at 1. "[I]t is likely the JPML will have a decision on the request to transfer this action" soon after. *See Council*, 2014 WL 859326, at *2. Although Plaintiffs believe that the JPML will deny the motion to transfer, and any delay created by a stay will therefore simply be wasted time, the Court finds that any such delay is unlikely to be significant or prejudicial.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of the motion to transfer that is before the JPML is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#43] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery is **stayed** in this lawsuit pending further order of the Court.

IT IS FURTHER **ORDERED** that, given the stay of discovery, the deposition notices issued by Plaintiffs on Defendant's witnesses are **quashed**.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report **no later than December 7, 2023**.

Dated: November 3, 2023         BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

7